UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN LAWERANCE FORD,

                          Plaintiff,

            -against-

DOORDASH INC.; LISA L.,

                          Defendants.

25-CV-7056 (GBD)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and various state laws, alleging that Defendants unlawfully discriminated against him in employment based on a prior criminal conviction. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that in October 2022, DoorDash Inc. "unfairly denied his job application . . . based solely on his past criminal history," and that Lisa L., who was apparently involved in the hiring process for DoorDash, threatened to bring "criminal charges against him" for filing an application. (ECF 1 at 3.) In so doing, Plaintiff alleges that Defendants violated his constitutional rights "to be employed" and to "nondiscriminatory hiring practices," and also violated Title VII, which he contends "bars

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

employers from discriminating against individuals based upon their criminal history, absent justifying business necessity." (*Id.* at 2-3.) Plaintiff further claims that Defendants violated his rights under state law. (*Id.* at 1, 2, 4.) Plaintiff seeks injunctive relief, $1 million in compensatory damages, and $350,000 in punitive damages. (*Id.* at 5.)

## DISCUSSION

### A.    Section 1983

Plaintiff invokes 42 U.S.C. § 1983, under which he must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendants DoorDash Inc. and Lisa L. are private and not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted. 42 U.S.C. § 1915(e)(2)(B)(ii).

3

**B.     Title VII**

Plaintiff asserts a claim under Title VII of the Civil Right Act of 1964.[2] Title VII

provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse

to hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

Title VII prohibits employers from mistreating an individual because of the individual's

protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against

an employee who has opposed any practice made unlawful by those statutes, *see Crawford v.*

*Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s],"

"resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason

other than an employee's protected characteristic or opposition to unlawful conduct is not

actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*,

513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir.

2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly

allege that (1) the employer took adverse employment action against him, and (2) his race, color,

religion, sex, or national origin was a motivating factor in the employment decision." *Vega v.*

*Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by

---

[2] There are no facts in the complaint suggesting that any other federal antidiscrimination
statutes, such as the Age Discrimination in Employment Act, which protects against
discrimination based on age, and the Americans with Disabilities Act, which protects against
discrimination based on a disability, are applicable.

4

alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Title VII, does not prohibit discrimination because of an individual's criminal convictions, *see, e.g.*, *Booker v. City of New York*, No. 14-CV-9801 (PAC) (HBP), 2017 WL 151625, at *3 (S.D.N.Y. Jan. 13, 2017) ("Title VII does not prohibit discrimination against individuals with criminal records.") (collecting cases); *Williams v. City of New York*, 916 F. Supp. 2d 517, 524 n.3 (S.D.N.Y. 2013) ("Title VII does not address discrimination based on a criminal record" (citing *Tubbs v. N.Y.C. Parks Dep't*, No. 12-CV-3322, 2012 WL 4838439 (E.D.N.Y. Oct. 10, 2012))); *Gillum v. Nassau Downs Reg'l Off Track Betting Corp.*, 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005) ("Plaintiff's status as a convicted felon is not a protected class under Title VII."). However, a plaintiff may state a Title VII claim by alleging that the employer's employment practices have a racially disparate impact, 42 U.S.C. § 2000e-2(k)(1)(A)(i) (2016); *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971).

Plaintiff's allegations are insufficient to state a plausible claim under Title VII. Plaintiff does not allege facts suggesting that Defendants declined to hire him because of a protected characteristic. Additionally, Plaintiff does not allege facts showing that Defendants had a practice of discriminating against individuals because of their criminal history, or that any such practice has a racially disparate impact. *Cf. Mandala v. NTT Data, Inc.*, 975 F.3d 202, 212 (2d Cir. 2020) (holding that plaintiffs' allegations, which included statistical analysis, failed to state a claim that the employer's policy of denying job opportunities to individuals with certain criminal convictions resulted in an unlawful disparate impact on African-American job applicants). In fact, nowhere in the complaint does Plaintiff state what his race is, or allege any facts that his

5

race or other protected characteristic was a motivating factor in Defendants' employment decisions.

The Court therefore dismisses Plaintiff's claims under Title VII for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his Title VII claims in an amended complaint.[3]

## C.    Diversity jurisdiction

Discrimination based on a criminal history is prohibited under the New York City Human Rights Law, New York City Administrative Code, § 8–107 *et seq.* ("NYCHRL"), and the New York State Human Rights Law, New York Executive Law § 296 *et seq.* ("NYSHRL"), and nothing prevents Plaintiff from pursuing such claims in state court.[4]

---

[3] Plaintiff does not allege that he exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Title VII provides generally that a plaintiff must commence a civil action within ninety days of receipt of notice of dismissal or termination of proceedings by the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984). The law requires that a plaintiff making an employment discrimination claim must exhaust his administrative remedies with the EEOC by filing a charge of discrimination within 300 days. 29 U.S.C. § 626(d)(1); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 328-29 (2d Cir. 1999). The filing of a timely charge with the EEOC and the issuance of a "right to sue" letter or notice by the EEOC are conditions precedent to the filing of a civil action in federal court. 29 U.S.C. § 626(e). Although Plaintiff is not required to plead and prove that he has met these requirements, *see Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486 (2d Cir. 2018), a defendant may raise failure to exhaust as a defense that precludes relief on a complaint that states an otherwise viable federal discrimination claim. If Plaintiff has exhausted his administrative remedies, he may wish to include in his amended complaint facts regarding any charge he filed with the EEOC.

[4] However, the Court notes that the statute of limitations for claims under both the NYSHRL and NYCHRL is three years from the date on which the cause of action accrues. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 246 (E.D.N.Y. 2015); *cf. Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992) ("'[T]he timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision.'") (quoting *O'Malley v. GTE Serv. Corp.*, 758 F.2d 818, 820 (2d Cir. 1985)).

To bring a state-law claim in federal court, a plaintiff must either allege facts demonstrating that the court has diversity jurisdiction of the action, or, if the plaintiff asserts a viable federal claim, the court can exercise supplemental jurisdiction of the state law claims.

### 1.   Diversity jurisdiction

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that she and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where the individual "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

Plaintiff seems to allege that he is a citizen of the State of New York. (ECF 1 at 2.) He does not specify, however, where any of the defendants reside, and thus the Court cannot discern whether the parties are diverse.

There is a second component of diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in

controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed as frivolous*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Plaintiff seeks damages far above the jurisdictional amount for diversity jurisdiction – an amount in excess of the sum or value of $75,000 – but he has not alleged facts showing that his claims under state law satisfy that amount. This is because Plaintiff's allegations as to the value of his claims are speculative and conclusory, with no basis in fact demonstrating how such claims are worth in excess of the sum or value of $75,000.

Accordingly, Plaintiff fails to meet his burden of showing that the Court has diversity jurisdiction of this action. The Court therefore dismisses Plaintiff's state-law claims without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### 2.    Supplemental jurisdiction

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines, under 28 U.S.C. § 1367(c)(3) to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court grants Plaintiff 30 days' leave to amend his complaint to allege facts, should they exist: (1) supporting a Title VII claim, as set forth in this order; and/or (2) showing that the Court has diversity jurisdiction of his state-law claims.[5]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the federal claims for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); declines supplemental jurisdiction of the state law claims, 28 U.S.C. § 1367(c)(3); and dismisses without prejudice the state law claims for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint as set forth in this order.

---

[5] Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment. If a litigant has questions about the intake form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  APR 0 8 2026
      New York, New York

                                        George B. Daniels
                                        GEORGE B. DANIELS
                                    United States District Judge